UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

ANTHONY RICHARD WHEELER (#373044)

VERSUS                                          CIVIL ACTION

STATE OF LOUISIANA DEPARTMENT                   NUMBER 11-223-FJP-SCR
OF CORRECTIONS, ET AL

**NOTICE**

    Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.
    In accordance with 28 U.S.C. §636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

    ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

    Baton Rouge, Louisiana, April 13, 2011.

                                    STEPHEN C. RIEDLINGER
                                    UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA


ANTHONY RICHARD WHEELER (#373044)

VERSUS                                              CIVIL ACTION

STATE OF LOUISIANA, DEPARTMENT                      NUMBER 11-223-FJP-SCR
OF CORRECTIONS

### **MAGISTRATE JUDGE'S REPORT**

Before the court is the petition of Anthony Richard Wheeler for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.

### **Background**

Petitioner was found guilty of one count armed robbery in the Nineteenth Judicial District Court for the Parish of East Baton Rouge on April 19, 1999. Petitioner was sentenced to a 15 year term of imprisonment at hard labor without the benefit of probation, parole or suspension of sentence, the sentence to be served consecutive to any sentence being served. Petitioner's conviction and sentence were affirmed on appeal. *State of Louisiana v. Anthony Wheeler*, 1999-2245 (La. App. 1 Cir. 9/22/00); 771 So.2d 318(Table). Petitioner did not allege that he sought supervisory review by the Louisiana Supreme Court.

Petitioner filed an application for post-conviction relief (PCRA) in the trial court on June 19, 2001. The trial court denied the PCRA on October 12, 2001.

Petitioner filed a second PCRA in the trial court on January 3, 2003. The trial court denied the second PCRA on September 22, 2004.

On January 21, 2004, the petitioner filed a Motion to Set Aside an Illegal Sentence. On June 2, 2005, the petitioner filed a Motion and Application to Vacate and Set Aside an Illegal Conviction and Sentence. On June 2, 2005, the trial court denied the motion. On July 13, 2005, the petitioner sought review in the Louisiana First Circuit Court of Appeal. On August 25, 2005, the Louisiana First Circuit Court of Appeal denied review in an unpublished opinion. Petitioner did not allege that he sought supervisory review by the Louisiana Supreme Court.

Petitioner filed his federal habeas corpus application on April 6, 2011.

No evidentiary hearing is required. Petitioner's federal habeas corpus application is untimely.

## Applicable Law

Under 28 U.S.C. § 2244(d), as amended by the Antiterrorism and Effective Death Penalty Act, a prisoner in custody pursuant to the judgment of a state court has a one year period within which to file an application for a writ of habeas corpus. The limitation period runs from the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review. 28 U.S.C. § 2244(d)(1)(A).

The time during which a properly filed application for state post-conviction or other collateral review, with respect to the pertinent judgment or claim, is pending shall not be counted toward any period of limitation under this subsection. 28 U.S.C. § 2244(d)(2). A "properly filed application" is one submitted according to the state's procedural requirements, such as the rules governing the time and place of filing. *Lovasz v. Scig*, 134 F.3d 146, 148-49 (3rd Cir. 1998); *Galindo v. Johnson*, 19 F.Supp.2d 697, 701 (W.D. Tex. 1998). A state application is "pending" during the intervals between the state court's disposition of a state habeas corpus petition and the petitioner's timely filing of petition of review at the next level. *Melancon v. Kaylo*, 259 F.3d 401, 406 (5th Cir. 2001).

**Analysis**

Petitioner's federal habeas corpus application is untimely. Petitioner's conviction became final on October 23, 2000.[1] From

---

[1] For purposes of § 2244(d)(1)(A), a state conviction becomes final by the conclusion of direct review or the expiration of the time for seeking such review. *See Causey v. Cain*, 450 F.3d 601, 606 (5th Cir. 2003) ("[A] conviction becomes final at the conclusion of direct review or when the time for such review has expired, as specified by AEDPA, regardless of when state law says finality occurs."). Normally that time expires ninety days after the state court of last resort enters its judgment. *Roberts v. Cockrell*, 319 F.3d 690, 694 (5th Cir. 2003). But when the defendant concludes his state-court direct-appeal before it reaches the state court of last resort, "the conviction becomes final when the time for seeking further direct review in the state court expires." *Id*. This federal rule applies even where state law provides that finality occurs on a different date. *Compare* La.
(continued...)

3

the date the petitioner's conviction became final until June 19, 2001, the date petitioner filed his first application for post-conviction relief, 238 days of the limitation period elapsed.

From October 12, 2001, the date the trial court denied the first PCRA until January 3, 2003, the date the petitioner filed his second PCRA in the trial court, an additional 447 days of the limitation period elapsed.

By the time the petitioner filed his second PCRA in the trial court the time limit to file a federal habeas corpus application had already elapsed.[2]

There is no basis for equitable tolling to apply. For equitable tolling to apply, the petitioner must diligently pursue § 2254 relief. *Coleman v. Johnson*, 184 F.3D 398 (5th Cir. 1999). A review of the record disclosed no "rare and exceptional

---

[1](...continued)
Code Crim. Proc. art. 922(B) (providing that the court of appeal's judgment becomes final under Louisiana law fourteen days after the rendition of judgment in all cases in which an application for a writ of review is not filed with the Louisiana Supreme Court), *and* La. Sup. Ct. R. X, § (5)(a) ("An application seeking to review a judgment of the court of appeal ... after an appeal to that court ... shall be made within thirty days of the mailing of the notice of the original judgment of the court of appeal ...."), *with Roberts*, 319 F.3d at 693 n. 15 (noting that the judgment of an intermediate court of appeals is not final under Texas law until the mandate has issued), *and id.* at 694-95 (rejecting the argument that the mandate-issuance date should determine finality under AEDPA).
  The conviction and sentence became final on October 22, 2000, which was a Sunday. Thus, the time period was extended to the next business day for the court, which was Monday, October 23.

[2] The dates relied upon to determine timeliness are as sated in the petition. The state court record was not filed.

circumstances" to justify equitable tolling. *Fisher v. Johnson*, 174 F.3d 710 (5th Cir. 1999).

## RECOMMENDATION

It is the recommendation of the magistrate judge that petition of Anthony Richard Wheeler for a writ of habeas corpus be dismissed with prejudice as untimely, pursuant to 28 U.S.C. § 2244(d).

Baton Rouge, Louisiana, April 13, 2011.

STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE